IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VENFIL RIVERO SALES AMBROCIO, | |
| Petitioner, | 4:25CV3226 |
| vs. | |
| KRISTI NOEM, Secretary, Department of Homeland Security; PAM BONDI, Attorney General; SIRCE OWEN, Acting Director for Executive Office for Immigration Review; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement (ICE); PETER BERG, St. Paul ICE Field Office Director; DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OMAHA IMMIGRATION COURT, IMMIGRATION AND CUSTOMS ENFORCEMENT, and CHRIS KLEINBERG, Dakota County Sheriff; | ORDER |
| Respondents. | |

This matter is before the Court on petitioner Venfil Rivero Sales Ambrocio's Complaint and Petition for Writ of Habeas Corpus (Filing No. 1) and Motion for Preliminary Injunction and Temporary Restraining Order (Filing No. 2).

As to Ambrocio's request for a temporary restraining order, the Court finds that it has not been properly presented. Fed. R. Civ. P. 65(b)(1) provides that a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and

"the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." But here, Ambrocio has not filed such an affidavit or verified complaint, nor has his counsel shown efforts to give Respondents notice of the motion. Thus, the request for a temporary restraining order is denied.

Regarding Ambrocio's request for habeas relief, he alleges that Immigrations and Customs Enforcement ("ICE") took him into custody on September 22, 2025, transferred him to the Dakota County Jail, and placed him in removal proceedings under 8 U.S.C. § 1229a. (Filing No. 1 at 27). ICE denied him release on bond, and an immigration judge found that the immigration court lacked jurisdiction to conduct a bond redetermination hearing[1] because Ambrocio is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Ambrocio seeks an order releasing him, or in the alternative, directing the immigration court to provide him a bond hearing. (Filing No. 1 at 33).

The habeas statute provides that a court must grant the petition for writ of habeas corpus or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Ambrocio] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Ambrocio]." *Id.* The show cause order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Ambrocio's] detention." *Id.*

The Court cannot say from the face of the petition that Ambrocio is not entitled to relief. Accordingly, the Court orders Ambrocio to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the petitioner's writ should not be granted. After Ambrocio files any reply, the Court will hold a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three-day return on show cause order provided in 28 U.S.C. § 2243.

---

[1] The Court notes that Ambrocio references certain documents as "exhibits" to his petition, but it does not appear that any of those documents were actually attached or otherwise filed with the Court.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Ambrocio may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump,* 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Venfil Rivero Sales Ambrocio's Motion for Preliminary Injunction and Temporary Restraining Order (Filing No. 2) is denied in part.
2. Petitioner shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on Respondents and file proof of such service with the Court.
3. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted within three business days after Petitioner serves them.
4. Petitioner shall have three business days from the date of Respondents' response to file a reply.
5. The Court will then set a hearing on this matter.
6. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 5th day of November, 2025.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge