IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VENFIL RIVERO SALES AMBROCIO, | |
| Petitioner, | 4:25CV3226 |
| vs. | |
| KRISTI NOEM, Secretary, Department of Homeland Security; PAM BONDI, Attorney General; SIRCE OWEN, Acting Director for Executive Office for Immigration Review; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement (ICE); PETER BERG, St. Paul ICE Field Office Director; DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OMAHA IMMIGRATION COURT, IMMIGRATION AND CUSTOMS ENFORCEMENT, and CHRIS KLEINBERG, Dakota County Sheriff; | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the Court on petitioner Venfil Rivero Sales Ambrocio's (Sales Ambrocio) Motion for Attorneys' Fees and Expenses under the Equal Access to Justice Act (Filing No. 32) and the Federal Respondents'[1] Objection (Filing No. 33) to that motion. For the reasons discussed below, the Court will sustain the objection and deny Sales Ambrocio's motion.

---

[1] The Federal Respondents include all but Dakota County Sherriff Chris Kleinberg. (Filing No. 17 at 4, n.1).

## BACKGROUND

Sales Ambrocio, a Guatemalan citizen and national, was re-detained by U.S. Immigration and Customs Enforcement following his arrest in Plymouth County, Iowa in September 2025. (Filing No. 29 at 2). After being transferred to the Dakota County Jail in Dakota City, Nebraska and having his request for release on bond denied by the immigration judge, he filed a petition for a writ of habeas corpus with this Court. (Filing No. 1). He sought release from custody, or in the alternative, an order directing the immigration court to provide him a bond hearing, along with attorney's fees and costs under the Equal Access to Justice Act (EAJA) if he prevailed. (Filing No. 1 at 33).

The Federal Respondents responded to Sales Ambrocio's petition, arguing that the Court lacked jurisdiction over his claims and that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Filing No. 17). Following a hearing, the Court rejected the Federal Respondents' jurisdictional arguments and determined that he was entitled to a bond hearing because "[8 U.S.C.] § 1226(a), not § 1225(b), applies to a noncitizen like Sales Ambrocio who is detained (or in this case, re-detained) within the United States." (Filing No. 29 at 10).[2] As for his request for fees and costs under the EAJA, the Court noted that he could "move separately within thirty days of final judgment in this action to recover them." (Filing No. 29 at 11 n.8) (citing 28 U.S.C. § 2412(d); 5 U.S.C. § 504).

Sales Ambrocio timely did so. (Filing No. 32). The Federal Respondents objected (Filing No. 32), Sales Ambrocio replied (Filing No. 34), and this motion is now ripe for decision.

## DISCUSSION

The EAJA requires an "award to a prevailing party . . . [of] fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). At the outset, the Federal Respondents do not appear to dispute—nor could they, in the Court's view—that Sales Ambrocio is a "prevailing party." Instead, they

---

[2] After this Court entered its order, the immigration judge held a bond hearing and granted Sales Ambrocio's request for release on bond. (Filing No. 31 at 1).

2

focus their arguments on the second prong—that their position was "substantially justified." (Filing No. 33 at 1).

Substantially justified means "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680, 683 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.; see also Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987) (holding that the government's position must be "clearly reasonable, well founded in law and fact, solid though not necessarily correct"). The government may also be justified in litigating a legal question that is unsettled in this circuit. *See Cornella v. Schweiker*, 741 F.2d 170, 172 (8th Cir. 1984). The government bears the burden of showing that its position was substantially justified. *Bah,* 548 F.3d at 684 (citing *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995)).

The Court concludes that the Federal Respondents have carried that burden here. The legal question of whether § 1225(b) or § 1226(a) applies to noncitizens detained within the United States like Sales Ambrocio is, by all measures, "unsettled" in the Eighth Circuit. While a case raising the issue, *Avila v. Bondi,* 2025 WL 2976539 (D. Minn. Oct. 21, 2025), is before the Eighth Circuit on expedited review, the court has not yet issued a decision. And as the Federal Respondents point out, district judges in this circuit—and even within this district—have reached different conclusions. *See, e.g., Barrajas v. Noem*, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025) (holding that § 1226(a) applies); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) (holding that § 1225(b) applies); *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132 (D. Neb. 2025) (Buescher, J.) (similar).

What is more, this case represented the first time this issue was squarely before *this* Court. At the time the Federal Respondents took their position opposing Sales Ambrocio's petition, they had prevailed before a different judge in this district. *See Vargas Lopez,* 2025 WL 2780351, at *10.[3] Though this Court found their arguments unavailing, it cannot go so far as to say that they

---

[3] The EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent conduct. *See* 28 U.S.C. § 2412(d)(2)(D) (defining "position of the United States" as not only "the position taken by the United States in the civil action, [but also] the action or failure to act by the agency upon which the civil action is based"). For similar reasons, the Court concludes that the Federal Respondents' pre-litigation conduct was substantially

3

lacked a "reasonable basis in law and fact," particularly when they were made "in such an open area of the law[.]" *Bah*, 548 F.3d at 684.

In sum, though Sales Ambrocio was a "prevailing party" within the meaning of § 2412(d), the position of the United States in this case was substantially justified. Accordingly,

**IT IS ORDERED:**

1. Petitioner Venfil Rivero Sales Ambrocio's Motion for Attorneys' Fees and Expenses under the Equal Access to Justice Act (Filing No. 32) is denied.
2. The Federal Respondents' Objection to Award of Attorneys' Fees (Filing No. 33) is sustained.

Dated this 5th day of February, 2026.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge

---

justified. The issue of whether § 1225 or § 1226 applies to noncitizens detained within the United States turns on the interpretation of a complicated statutory scheme. Given the executive branch's "greater immigration-related expertise" and the respect the Court affords "the serious administrative needs and concerns inherent in the necessarily extensive" efforts to enforce our nation's immigration laws, the Court cannot say that the Federal Respondents' pre-litigation decision to treat Sales Ambrocio as being subject to mandatory detention under § 1225, while not ultimately correct in this Court's view, lacked a reasonable basis in law or fact. *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001).